Judgment may be entered for defendants dismissing the complaint.

STATE, EX REL. HERSHEY BUILDERS, INCORPORATED, RELATOR, v. BREWER, PAINESVILLE CITY ZONING INSPECTOR, RESPONDENTS.

Ohio Appeals, Seventh District, Lake County.

No. 661.  Decided June 9, 1961.

*Mr. John S. Nelson*, for relator.
*Mr. Wayne R. Milburn*, for respondents.

BROWN, P. J.  This action is an original proceeding in mandamus in which the relator prays for a writ requiring the respondent, the Secretary of the Board of Zoning Appeals, to

deliver to the relator a "certificate of compliance" which under the ordinances of the City of Painesville constitutes a zoning permit, for the construction of a group of buildings proposed by the relator. Alternatively the petition asks the writ to order the Painesville City Zoning Inspector to execute and deliver to the relator, Hershey Builders, Incorporated, a duplicate certificate of compliance in the event that the one already issued is no longer in the possession or under the control of the Secretary of the Board of Zoning Appeals.

The petition alleges an original application for a certificate of compliance permitting the erection of the proposed buildings was refused by the respondent, Vernon Brewer acting as the Zoning Inspector of the City of Painesville; that thereafter in compliance with the ordinances of the City of Painesville an appeal was made to the Board of Zoning Appeals, which after proper hearings and by a vote of four to one authorized and ordered the granting of the necessary certificate of compliance to the relators.

There are no provisions in the ordinances of the City of Painesville relating to administrative appeal within the city frame-work. The City of Painesville is a non-charter city operating under the city manager form of government. It would appear that any appeal from the order granting the certificate of compliance would be governed by the provisions of Section 2506.01, Revised Code, and following. No such appeal was filed. However, after time for any such appeal had expired the Council of the city of Painesville directed the Painesville City Zoning Inspector not to deliver the certificate of compliance which was admittedly issued.

By answer jointly filed Vernon Brewer, Painesville City Zoning Inspector, and C. V. Boudreaux, Secretary of the Board of Zoning Appeals, give as their reason for failing to deliver such certificate of compliance the statement that they were directed by the Council of the City of Painesville not to deliver said certificate of compliance, and claim that the action of the Board of Zoning Appeals in ordering the certificate of compliance delivered to the relator was void and of no effect in that (1) the appeal was not properly before the Board because the notice of appeal failed to specify the grounds thereof, and (2) that the action of the Board of Zoning Appeals in ordering

a certificate of compliance delivered to the relator was void for the reason that the Board of Zoning Appeals failed to make any specific finding that the condition or situation of the specific piece of property for the intended use of said property for which the variance is sought was not of so general or recurrent a nature as to make reasonably practicable the formulation of a general regulation for such condition or situation.

Relator in effect demurs to this answer, and says that it is an attempt to attack collaterally the regularity of the procedural steps leading up to the issuance of the certificate. Relator claims that the certificate having already been issued and the time for appeal having expired the duties of the respondents are merely ministerial.

We agree with the relator. In the absence of any discretion in the respondents authorized by ordinance or statute the arbitrary refusal to deliver the certificate of compliance already issued is not justified. The duty of the respondents which remains is clearly a mandatory ministerial duty, the enforcement of which can only be brought about by the extraordinary writ of mandamus.

Judgment in this proceedings for a writ of mandamus is, therefore, rendered for the relator, and the respondents are ordered as follows: The respondent, C. V. Boudreaux, Secretary of the Board of Zoning Appeals of the City of Painesville is ordered to deliver to the relator certificate of compliance number 3620 relating to the zoning application as set forth in the petition herein, if such certificate is in his possession or under his control; and alternatively the respondent, Vernon Brewer, Painesville City Zoning Inspector, is ordered to execute and deliver to the relator a duplicate certificate of compliance in place of the certificate above described. Costs herein are taxed against the respondents.

DONAHUE and GRIFFITH, JJ., concur.